ANDERSON, J.,
OPINION AND VERDICT
Before the court is plaintiff’s request for a judgment for sums allegedly owed based on an oral loan agreement as memorialized in two writings in October 2013. A trial was held on March 12, 2015. The matter is now ripe for decision and the court enters the following:
FINDINGS OF FACT
1. Defendant owns a residence in Linden, Pennsylvania, and in October 2013, Char Fredericks, the daughter of plaintiff, resided in that residence with defendant. The children of Char Fredericks and defendant also lived in the residence.
2. In October 2013, defendant and Char Fredericks were in the process of renovating the residence and needed money to complete the renovations.
3. Char Fredericks had attempted to obtain the money through a bank but was unsuccessful so she asked her father for a loan of the money.
4. Plaintiff agreed to loan the money but asked for a writing to ensure that he was re-paid.
5. Char Fredericks drafted a written “Loan Agreement” dated October 1, 2013, in which defendant *35 agrees to “repay the total loan amount of 15,500.00,” agrees to “make bi-weekly payments to Charles Fredericks in the amount agreeable to all parties,” and agrees to “take over full re-payment of the loan if at anytime (sic) their (sic) may be a separation between Char Fredericks and [Defendant] and she vacates the property.” Defendant signed this document on October 4,2013. Char Fredericks then had the document notarized.
6. Char Fredericks provided the October 4, 2013, document to plaintiff and he gave her $5,500.00 in cash. Char Fredericks deposited $ 1,300 of the cash in defendant’s separate account, $3,100 in the joint account she held with defendant, and the rest in her separate account.
7. Plaintiff requested a further document to ensure not only that he would be re-paid but that any personal property he had given to Char Fredericks would be returned to him if the relationship between Char Fredericks and defendant ended.
8. Char Fredericks drafted a second written “Loan Agreement” which is undated but was notarized on October 17, 2013, in which defendant acknowledges “receiv[ing] a total loan amount of $15,500.00 from [Charles Fredericks]” and that the loan was in order to “finish renovations of [defendant’s] home.” He also agrees to “repay the total loan amount on a bi-weekly payment schedule at a rate agreed upon by the lender and borrowers,” and that “[i]n the event that Char and Eric shall separate, Eric promises to continue to repay the loan to Charles Fredericks as promised.” The document also provides that “Eric promises that he will allow Char to regain control of all articles in the home that are rightfully hers without conflict.”
*36 9. The second document was taken by Char Fredericks to the notary without defendant’s signature. Char Fredericks told the notary defendant had said she could sign it on his behalf. The notary called defendant[1] and asked if he had given Char Fredericks permission to sign the document on his behalf and defendant acknowledged that he had. Char Fredericks then signed the document on defendant’s behalf and it was notarized.
10. Char Fredericks provided the second document to plaintiff and he then gave her $10,000.00 in cash. Char Fredericks deposited the $10,000.00 in the joint account on October 17, 2013.
11. Defendant told plaintiff they (he and Char Fredericks) would make sure the loan was re-paid, at a family Halloween (2013) party.
12. Char Fredericks separated from defendant and she and the children left the residence in mid-December 2013.
13. The $15,500 was used to finish the renovations on defendant’s home.
14. No payments were made to plaintiff by either defendant or Char Fredericks from October 17, 2013, through the date of separation.
15. No payments were made to plaintiff by defendant since the separation in December 2013.
DISCUSSION
Considering all the evidence, it is clear that plaintiff made a loan of $15,500 to his daughter and defendant and the parties had an oral agreement that the amount loaned *37 would be re-paid, albeit under rather loose terms. It is also clear that the monies were used to renovate defendant’s home.
Defendant argues that because the two written documents were not properly notarized, he is somehow no longer responsible for re-paying the loan. Even if the notarization affected the document’s enforceability, which the court does not believe to be the case, defendant’s obligation rests in his oral agreement, and not on the documents. The documents simply memorialize the oral agreement.[2]
Defendant also argues that he had no negotiations with plaintiff about the loan, but that, too, is not necessary. Char Fredericks, acting on behalf of both herself and defendant, negotiated with plaintiff for the loan, and defendant’s acquiescence in that process, and subsequent agreement with the outcome, makes him as liable to re-pay the loan as if he had himself negotiated such.
Even if defendant is correct and no enforceable contract has been expressed or can be implied, defendant is nevertheless liable to plaintiff under the theory of unjust enrichment. The elements of unjust enrichment are (1) a benefit conferred on a defendant by a plaintiff, (2) appreciation of such benefit by the defendant, and (3) acceptance and retention of such benefit under such circumstances that it would be inequitable for the defendant to retain the benefit without payment of value. Northeast Fence & Iron Works, Inc. v. Murphy Quigley Co., 933 A.2d 664 (Pa. Super. 2007). These elements are all clearly present in this case. Defendant has had the value of his *38 home improved by the investment of the funds given to him by plaintiff, defendant is retaining his home and thus the improvements, and defendant knew the money was being given as a loan which was expected to be repaid by him. It would thus be inequitable for defendant to retain the improvements to his home without paying the money invested to plaintiff.
Finally, the court notes that defendant argued that not all of the monies loaned went into the renovations. Defendant offered no evidence whatsoever, however, to justify any finding that a particular amount was spent on something that did not benefit defendant. Therefore, the court will accept Char Frederick’s testimony that all of the money was used for the renovations.
The only remaining issue is the remedy to be provided. Had defendant made any sort of regular payments to plaintiff, the court might be able to infer an agreement as to the amounts which were to have been paid and fashion the award based on those payments. In light of defendant’s complete breach of the agreement, however, and further, under a theory of unjust enrichment, the court will enter an award for the entire loan proceeds.
Accordingly, the Court draws the following:
CONCLUSIONS OF LAW
1. Defendant breached an oral agreement with plaintiff for the re-payment of $15,500 loaned to him and Char Fredericks.
2. Alternatively, defendant has been unjustly enriched by accepting and retaining the $15,500 loaned to him and Char Fredericks by plaintiff, without re-payment to plaintiff.
*39 VERDICT
And now, this day of March 2015, for the foregoing reasons, the court finds in favor of plaintiff and against defendant. Judgment in the amount of $15,500.00 is hereby entered in plaintiff’s favor and against defendant.

. The notary is Char Frederick’s aunt.

. Notarization was not even necessary.